DELIA D. HATTON *vs.* THE WILMINGTON CITY RAILWAY COMPANY, a corporation of the State of Delaware.

*Case—Personal Injuries—Damages—Husband and Wife—Married Women—Construction of Statute—Plea in Abatement— Demurrer—Pleading— Judgment —Respondeat Ouster.*

Under the Married Woman's Law of this State a wife may, in her own name, and without joining her husband, bring an action to recover damages for personal injuries to herself.

(*March 14, 1901.*)

LORE, C. J., and PENNEWILL and BOYCE, J. J., sitting.

*William S. Hilles* for plaintiff.

*Walter H. Hayes* for defendant.

Superior Court, New Castle County, February Term, 1901.

ACTION ON THE CASE (No. 128, November Term, 1900),

brought by Delia D. Hatton to recover for personal injuries alleged to have been occasioned by the negligence of the defendant. To the declaration a plea in abatement was filed, which plea set out that the plaintiff was a married woman, and that her husband was not joined as party plaintiff. To this plea in abatement a general demurrer was filed, going to the sufficiency of the plea.

*William S. Hilles* for plaintiff:

The question presented to the Court is whether a married woman may sue in her own name, and without joining her husband, for personal injuries inflicted on her.

The common law was very plain upon this subject, and required that the husband and wife should both join in such an action.

*1 Chitty on Pleading, 73; Louth vs. Thompson, 1 Pennewill, 149 and 151.*

The language of *Brett, M. R., in Weldon vs. Winslow, 13 Q. B. D., 784 and 786*, on this subject is the best I have found. In speaking of an action by the wife to recover for personal injuries he says : " She is suing for personal injury to herself. For such a cause of action no action could ever have been brought by the husband alone without joining his wife as a plaintiff. What is done to her is the cause of action, and under the old practice she might have sued in her own name, without joining her husband, and could have recovered, if the defendant did not plead her coverture in abatement, for he could not plead it in bar of her action. The injury to the wife was the meritorious cause of action, and if she had died before the commencement of the action the husband would not have been entitled to sue. If damages should be given, they would belong in the first place to the wife alone, and if they should not be reduced into possession by the husband and he should die, the damages would be hers and would not go to his executors. It seems to me that according to the law of England the action was always the action of the wife, subject to the right

on the part of the defendant of insisting on having the husband joined."

The above authorities make it manifest that the property in the chose in action belonged at the common law to the wife, and not to the husband.

Blackstone divides personal property into things in possession, and things in action.

"The right of action," says Judge Cooley, "is property in the same sense in which tangible things are property."

*Cooley on Constitutional Limitations, 362.*

By *Section 1, Chapter 166, Volume 15, Laws of Delaware*, it is provided "that the real and personal property of any married woman which has been hereto acquired, is now held, or which she may *hereafter acquire in any manner whatsover* shall be her sole and separate property."

*Section 4, Chapter 550, Volume 14, Laws of Delaware*, provides as follows:

"Any married woman may prosecute and defend suits at law or in equity for the preservation and protection of her property as if unmarried, or may do it jointly with her husband."

It is respectfully submitted that a married woman in this State under the law may sue for the protection or preservation of her property in this way, and that this is such a suit.

So far as I have been able to ascertain there are no modern cases which hold a different doctrine under statutes similar to ours, and most of them have upheld the right of a married woman to sue in her own name under statutory provisions very much less explicit.

*Chicago &c. R. R. Co. vs. Dunn, 52 Ill., 260 and 262; Chicago &c. R. R. Co. vs. Dixon, 67 Ill., 122; Chicago &c. R. R. Co. vs. Button, 68 Ill., 409; Anderson vs. Friend, 71 Ill., 475; Pancoast vs. Burnell, 32 Iowa, 394 and 397; Berger vs. Jacobs, 21 Mich., 215 and 220; Leonard vs. Pope, 27 Mich., 145; Michigan &c. Co. vs. Coleman, 28 Mich., 441; Harris vs. Webster, 58 N. H., 481; Ball*

*vs. Bullard, 52 Barb., 141 and 143 ; Stevenson vs. Morris, 37 Ohio St., 10 and 16 ; Fife vs. Oshkosh, 89 Wis., 540 and 544.*

*Mr. Hayes :—Chapter 611, Volume 17, Laws of Delaware,* merely confers the right upon the wife to sue in her own name for the recovery of damages for personal injuries when living apart from her husband, and thereby negatives her right to sue when living with her husband. It appearing in this case that the plaintiff lives with her husband, the latter must be joined with the wife as a party plaintiff.

After holding the question under advisement for several days, the Court announced their decision as follows :

LORE, C. J.:—We hold, under the married woman's law of this State, that the wife may bring such action in her own name. The demurrer is sustained.

At the election of defendant's counsel, let the judgment of *respondeat ouster* be entered.